NO. 07-07-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 9, 2009
_____

AMBROSIO VALERO DELEON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 05-2773; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Ambrosio DeLeon was prosecuted for offenses during a criminal episode spanning eight years and comprising aggravated sexual assault, sexual assault, and indecency with a child. After a jury finding of guilty, he received concurrent sentences of imprisonment for offenses committed before September 1, 1997, and consecutive sentences of imprisonment for offenses committed after that date. In a single issue, appellant challenges the trial court's application of sentencing rules. We will affirm the trial court's judgments.

Background

A twenty-count indictment charged appellant with indecency with a child, sexual assault, and aggravated sexual assault. Appellant's daughter was the victim of all the offenses. She was born July 15, 1983, and the last offense charged occurred on or about July 1, 2000. Trial resulted in appellant's acquittal on two counts and a mistrial on the remaining counts. On retrial, the jury convicted appellant of the sixteen counts tried and for each assessed a sentence of confinement in prison.[1] The court ordered that appellant's sentences in counts two through seven and nine through twelve run concurrently. It imposed consecutive sentencing for counts fourteen through nineteen. It cumulated the sentence of court fourteen so that service will not begin until appellant discharges the sentences imposed in counts two through seven and nine through twelve.

_____

[1] The counts, offenses, "on or about" dates of offenses, and sentences of imprisonment imposed on retrial are:

Count two: Indecency with a child, August 1, 1992, 20 years;
Count three: Indecency with a child, August 1, 1992, 20 years;
Count four: Indecency with a child, August 1, 1992, 20 years;
Count five: Indecency with a child, August 1, 1993, 20 years;
Count six: Indecency with a child, August 1, 1993, 20 years;
Count seven: Indecency with a child, August 1, 1996, 20 years;
Count nine: Aggravated sexual assault of a Child, August 1, 1996, 99 years;
Count ten: Indecency with a child, August 1, 1996, 20 years;
Count eleven: Indecency with a child, August 1, 1996, 20 years;
Count twelve: Indecency with a child, August 1, 1996, 20 years;

Count fourteen: Sexual Assault, July 1, 2000, 20 years;
Count fifteen: Sexual Assault, July 1, 2000, 20 years;
Count sixteen: Indecency with a child, July 1, 2000, 20 years;
Count seventeen: Indecency with a child, July 1, 2000, 20 years;
Count eighteen: Indecency with a child, July 1, 2000, 20 years;
Count nineteen: Indecency with a child, July 1, 2000, 20 years.

Under the trial court's judgment, therefore, the sentences for the six latter counts not only run consecutively to each other but run consecutively to the concurrent sentences for the ten earlier counts. The practical consequence is that the consecutive sentences will not begin until appellant completes the 99-year sentence imposed for count nine.

Issue

Appellant's single issue asks: "Can the trial court stack Counts with dates of offenses prior to 9-1-97 (Counts 2-12) on top of the Counts with dates of offenses after 9-1-[9]7 under Penal Code 3.03?"

Discussion

Generally, a defendant has no right to serve sentences imposed for different offenses concurrently; rather, the decision to cumulate sentences lies within the discretion of the trial court. *Coleman v. State,* 898 S.W.2d 327, 329 (Tex.App.–Tyler 1993) *aff'd,* 897 S.W.2d 319 (Tex.Crim.App. 1995); *see* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). This discretion is absolute so long as cumulative sentencing is authorized by law. *Nicholas v. State,* 56 S.W.3d 760, 764-65 (Tex.App.–Houston [14th Dist.] 2001, pet. refused) (noting, as a practical matter, an abuse of discretion occurs in sentencing for multiple offenses only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing); *accord Revels v. State,* No. 05-07-01555-CR, 2008

3

WL 5177374, at *8 (Tex.App.–Dallas Dec. 11, 2008, no pet. h.).  *See also Beedy v. State,*

250 S.W.3d 107, 110 (Tex.Crim.App. 2008) ("when a trial judge lawfully exercises the

option to cumulate, that decision is unassailable on appeal"); *Barrow v. State*, 207 S.W.3d

377, 380-81 (Tex.Crim.App. 2006) (discussing trial court's discretionary decision whether

to cumulate sentences).

But when multiple offenses arising out of the same criminal episode are

consolidated for a single trial,[2] and the defendant is found guilty of more than one offense,

Penal Code section 3.03(a) provides a limit on the trial court's discretion to cumulate the

sentences.  Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2008); *see Millslagle v. State,*

150 S.W.3d 781, 784 (Tex.App.–Austin 2004, pet. dismissed) (referring to § 3.03(a) as an

exception to the rule allowing trial court discretion).  Until 1995, section 3.03 required

sentences for multiple offenses prosecuted in a single trial to run concurrently.  *Owens v.*

*State,* 96 S.W.3d 668, 671 (Tex. App.–Austin 2003, no pet.).  In that year, the legislature

amended section 3.03 to restore the trial court's discretion to impose consecutive

sentences for multiple intoxication manslaughter convictions resulting from a single trial.

Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at Tex.

Penal Code Ann. § 3.03(b)(1) (Vernon Supp. 2008)); *Yvanez v. State*, 991 S.W.2d 280

(Tex.Crim.App. 1999).  And in 1997, the legislature further amended section 3.03 to add

some sexual offenses committed against a victim younger than seventeen to the list of

---

[2] *See* Tex. Penal Code Ann. § 3.02(a) (Vernon 2003) (providing for consolidation); *Salazar v. State,* 127 S.W.3d 355, 363-64 (Tex.App.–Houston [14th Dist.] 2004, pet. refused) (applying section 3.02).  "Criminal episode" is defined to include, *inter alia*, the repeated commission of the same or similar offenses.  Tex. Penal Code Ann. § 3.01 (Vernon 2003).

offenses subject to consecutive sentencing when there are multiple convictions in a single trial. Those offenses include indecency with a child, sexual assault, and aggravated sexual assault. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 2250, 2251 (current version at Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2008));[3] *Owens,* 96 S.W.3d at 671. Thus, for offenses listed in section 3.03(b), the trial court in its discretion may rightly order commencement of the second sentence after completion of the first sentence. *See Millslagle,* 150 S.W.3d at 784-85 (describing § 3.03(b) as creating an exception to the section 3.03(a) exception).

This case presents the issue of the trial court's discretion with regard to consecutive sentencing when section 3.03(b) offenses committed after the effective date of the 1997 amendment are tried together with such offenses committed before the effective date. Under the trial court's judgment, none of appellant's sentences for the six offenses committed after September 1, 1997 will begin to run until he completes his sentences for

---

[3] Penal Code section 3.03 states in pertinent part:

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

***
(2) an offense:

(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section....

Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2008).

all ten offenses committed before that date. Appellant would have us hold that his sentences for the six post-September 1, 1997 offenses may run consecutively with each other, but they must begin immediately following trial. The State argues the trial court acted within its discretion to postpone the beginning of service of those sentences until the completion of the eight concurrent sentences for the earlier offenses.

The parties do not cite nor do we find a decision that squarely addresses the issue appellant presents.[4] Appellant argues *Ponce v. State,* 89 S.W.3d. 110 (Tex.App.–Corpus Christi 2002, no pet.), is instructive, but we disagree. In *Ponce* the defendant was convicted on nine counts of aggravated sexual assault of a child, sexual assault of a child, and indecency with a child. The offenses occurred between 1994 and 2001 and included four counts of indecency with a child occurring before September 1, 1997. On the latter four counts, the defendant was sentenced consecutively. *Id*. at 114. It was held the appellant waived an issue complaining of improper cumulative sentencing for failure to object in the trial court. *Id.* at 114-15. The appellate court, however, sustained the appellant's issue complaining that the cumulative sentencing scheme violated the prohibition of *ex post facto* laws and modified the judgment by deleting the cumulation order of the four counts whose underlying offenses occurred before September 1, 1997.

---

[4] In *Ex parte Bahena,* 195 S.W.3d 704 (Tex.Crim.App. 2006) the question was whether counsel rendered ineffective assistance by not contesting the stacking of two sentences in two convictions for aggravated assault when the underlying offenses occurred before and after September 1, 1997. *Id.* at 705, 706-07. The court of criminal appeals found the question whether stacked sentences are authorized under such facts remains unsettled, *id.* at 707, but found resolution of the question unnecessary to disposition of the case before it.

*Id.* at 121. Here, the court ordered appellant's sentences for conduct predating September 1, 1997, run concurrently and his sentences for conduct occurring after September 1, 1997, run consecutively. *Ponce* is, therefore, inapposite.

We think the answer to the question presented is found in the statutory language establishing the effective date of the 1997 amendment to section 3.03. As the Court of Criminal Appeals pointed out in *Bahena*, 195 S.W.3d at 705, the legislature used different "effective date" language in the 1995 and 1997 amendments. The legislature made the 1995 amendment, permitting consecutive sentences for multiple intoxication manslaughter convictions, applicable only if each offense joined for trial was committed on or after the amendment's effective date, September 1, 1995.[5] The effective date language of the 1997 amendment does not contain such a provision. The 1997 statute simply stated that its change in law applies only to "an offense committed on or after" its effective date, September 1, 1997, and that offenses committed before that date are subject to the law in effect when the offense was committed. Act of May 31, 1997, 75th Leg., R.S., ch. 667, §§ 7, 8, 2250, 2252-53.

Appellant would have the judgments reformed so that sentences for offenses committed after September 1, 1997, although each running consecutively, begin to run

---

[5] *See* Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 2, 3435, 3435. Section 2(a) of the Act reads, in pertinent part, "The change in law made by this Act applies to the joinder of prosecutions of offenses arising out of a single criminal episode only if each offense is committed on or after the effective date of this Act." Section 2(b) further provides, "The joinder of prosecutions for offenses arising out of a single criminal episode if any of the offenses were committed before the effective date of this Act is covered by the law in effect before the changes made by this Act, and the former law is continued in effect for that purpose."

7

concurrently with the sentences for offenses committed before September 1, 1997. Thus under appellant's argument, if a case involved only two section 3.03(b) offenses, one committed before September 1, 1997, the other after that date, concurrent sentencing would be required. The result appellant seeks effectively reads into the 1997 legislation a provision like the 1995 amendment, limiting its application to criminal episodes consisting only of offenses committed after September 1, 1997.

In construing a statute, we must give effect to the plain meaning of the text unless the text is ambiguous or the plain meaning would lead to absurd results. *Parfait v. State,* 120 S.W.3d 348, 349 (Tex.Crim.App. 2003). A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *See Teleprofits of Tex., Inc. v. Sharp,* 875 S.W.2d 748, 750 (Tex.App.–Austin 1994, no writ) (*citing* 2A Norman J. Singer, *Sutherland Statutory Construction* § 45.02, at 6 (5th ed. 1992)). Appellant does not claim ambiguity in the statutory provisions, and we see none. Nor do we see that giving effect to their plain meaning leads to absurd results. As amended in 1997, section 3.03 required concurrent sentencing for appellant's offenses committed before September 1, 1997, and gave the trial court discretion to cumulate sentences for his offenses committed after that date. The trial court ordered each sentence for offenses committed before September 1, 1997, run concurrently. For the violations of Penal Code sections 21.11, 22.011, and 22.021 by appellant against his daughter occurring after September 1, 1997, and while his daughter was under age seventeen, the court exercised the discretion granted by section 3.03(b)(2)(A) by imposing consecutive sentences. The court's cumulation order complies with the plain meaning of

8

the statute. Nothing in the statutory language prohibits the manner in which the trial court elected to cumulate appellant's sentences for his post-September 1, 1997 offenses. *See Salazar v. State,* 127 S.W.3d 355, 363-64 (Tex. App.–Houston [14th Dist.] 2004, pet. refused) (applying plain language of section 3.03(b)); *Nicholas,* 56 S.W.3d at 764-65 (trial court's discretion absolute if cumulation authorized by law); *Kuhn v. State,* 45 S.W.3d 207, 209-10 (Tex.App.–Texarkana 2001, no pet.) (finding no legislative intent to prohibit consecutive sentencing under circumstances there presented).

*Yvanez*, 991 S.W.2d at 280, does not require a contrary conclusion. There, after the appellant plead guilty to four counts of intoxication manslaughter and one of intoxication assault, the jury sentenced him to confinement for forty years for each intoxication manslaughter count and for ten years for the intoxication assault count. The trial court ordered all the sentences to run concurrently except for that on the second count of intoxication manslaughter, which it ordered to run consecutively to the other four counts. The court of appeals modified the judgment to provide all five sentences would run concurrently. *Id.* at 282. Disagreeing with the court of appeals, the Court of Criminal Appeals held the trial court was within its discretion to order Yvanez to serve consecutive sentences for any of the intoxication manslaughter offenses. The court held, however, the trial court had no discretion to order an intoxication manslaughter sentence to run consecutively to a sentence for intoxication assault. *Id*. at 282-83. It modified the trial court's judgment to provide the sentence for the second count of intoxication manslaughter would run consecutively only to the three other intoxication manslaughter sentences.

9

The Court of Criminal Appeals modified the trial court's judgment in *Yvanez* because intoxication assault was not then an enumerated offense under section 3.03(b), and the trial court's cumulation of a sentence for intoxication manslaughter with one for intoxication assault violated the language of section 3.03(b) that sentences may run consecutively if "each sentence" is for a conviction of one of the enumerated offenses. 991 S.W.2d at 282-83.[6] By contrast, all of the offenses for which appellant was convicted were among the enumerated offenses at the time of his sentencing. *Yvanez* is for that reason distinguishable.

Without expressly assigning error, appellant argues the trial court's sentencing violates the constitutional prohibition of *ex post facto* laws. If appellant intended to raise this claim as an issue on appeal it is not briefed according to the requirement of appellate rule 38. Tex. R. App. P. 38.1(h). But even were the issue properly before us we could not agree with appellant's assertion.

Both the United States and Texas Constitutions prohibit the State from applying an *ex post facto* law. U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16. A reviewing court interprets the prohibition in the Texas Constitution against *ex post facto* laws as synonymous with the prohibition of the Untied States Constitution against such laws. *Grimes v. State,* 807 S.W.2d 582, 586 (Tex.Crim.App. 1991). An *ex post facto law* (1) punishes as a crime an act previously committed which was innocent when done, (2)

---

[6] Section 3.03(b) was amended, effective September 1, 2005, to add intoxication assault to the enumerated offenses. Act of May 23, 2005, 79th Leg., R.S., ch. 527, § 1, 3, & 4, 1429, 1429-30 (current version at Tex. Penal Code Ann. § 3.03(b)(1)(A) (Vernon Supp. 2008)).

changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood,* 497 U.S. 37, 42-43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990); *Ex parte Hallmark,* 883 S.W.2d 672, 674 (Tex.Crim.App. 1994). Appellant's complaint implicates the second definition, concerning punishment. A court engaged in such an *ex post facto* analysis is singularly concerned with whether the statute in question assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred. *Grimes,* 807 S.W.2d at 587. The act at issue is the conduct leading to the current criminal charge. *Jordan v. State,* 56 S.W.3d 326, 332 (Tex.App.–Houston [1st Dist.] 2001, pet. refused.).

For offenses committed before September 1, 1997, the trial court ordered that each of appellant's resulting sentences run concurrently, as required by section 3.03(a). For offenses committed after September 1, 1997, the court acted within the discretion granted by section 3.03(b)(2)(A) by imposing consecutive sentencing. The court did not attach a greater punishment to the conduct offenses of appellant than the statutory provision existing when the conduct occurred. There was no *ex post facto* violation.

Finding no abuse of discretion in the trial court's sentencing of appellant, we overrule appellant's single issue on appeal. Having overruled appellant's issue, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.

11