# NO. 12-09-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN ANTHONY ROSE,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Steven Anthony Rose appeals his two convictions of aggravated sexual assault of a child. In his sole issue, he challenges the trial court's order that he serve two consecutive life sentences. We modify the judgment, and as modified, affirm.

### BACKGROUND

On September 10, 2008, Appellant was indicted on three counts of aggravated sexual assault of a child and one count of indecency with a child. In count one of the indictment, the State alleged that on or about March 20, 2007, Appellant "intentionally or knowingly cause[d] the sexual organ of Michael North, a pseudonym, a child who was then and there younger than 14 years of age and not the spouse of the [Appellant], to contact the mouth of [Appellant]." In count four, the State alleged that on or about July 15, 1996, Appellant "intentionally or knowingly cause[d] the sexual organ of Stan East, a pseudonym, a child who was then and there younger than 14 years of age and not the spouse of the [Appellant], to contact the mouth of [Appellant]."

After a trial, the jury returned a verdict of guilty on two of the four counts, specifically count one (the "2007 offense") and count four (the "1996 offense"), both of which were for

aggravated sexual assault of a child. After a trial on punishment, the jury assessed punishment at two life sentences. The trial court attempted to "stack" or cumulate both sentences so that they would be served consecutively. Appellant timely appealed.

<u>CONSECUTIVE LIFE SENTENCES</u>

In his sole issue, Appellant argues that the trial court erroneously cumulated his two life sentences so that they would be served consecutively.

**Standard of Review and Applicable Law**

Generally, an accused has no right to concurrently serve sentences imposed for different offenses; rather, the decision to cumulate sentences lies within the trial court's discretion. *Coleman v. State*, 898 S.W.2d 327, 329 (Tex. App.–Tyler 1993), *aff'd*, 897 S.W.2d 319 (Tex. Crim. App. 1995); *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2009). This discretion is absolute so long as the law authorizes cumulative sentencing. *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.–Amarillo 2009, pet. ref'd). As a practical matter, an abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.– Houston [14th Dist.] 2001, pet. ref'd).

When multiple offenses arising out of the same criminal episode are consolidated for a single trial, and the accused is found guilty of more than one offense, section 3.03(a) of the penal code provides a limit on the trial court's discretion to cumulate the sentences. *DeLeon*, 294 S.W.3d at 745; *see* TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp. 2009). Until 1995, section 3.03 required sentences from offenses arising out of the "same criminal episode" prosecuted in a "single criminal action" to run concurrently. *DeLeon*, 294 S.W.3d at 745. That year, the legislature amended section 3.03 to restore the trial court's discretion to impose consecutive sentences for multiple intoxication manslaughter convictions resulting from a single trial. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at TEX. PENAL CODE ANN. § 3.03(b)(1) (Vernon Supp. 2009)). The legislature made the 1995 amendment applicable only if each offense joined for trial was committed on or after the amendment's

effective date (September 1, 1995).  *Id.*, 74th Leg., R.S., ch. 596, § 2, 3435, 3435.

Moreover, and as is particularly relevant here, in 1997, the legislature further amended section 3.03 to add specific sexual offenses committed against a victim younger than seventeen to the list of offenses subject to consecutive sentencing when there is more than one conviction of the enumerated offenses obtained in a single trial.  *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 2250, 2251 (current version at TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (Vernon Supp. 2009)).  Those offenses include, among others, indecency with a child, sexual assault of a child, and aggravated sexual assault of a child.  In contrast to the 1995 amendment, the 1997 simply stated that this change in the law applies only to "an offense committed on or after" its effective date (September 1, 1997), and that offenses committed before that date are subject to the law in effect when the offense was committed.  *Id.,* 75th Leg., R.S., ch. 667, §§ 7, 8, 2250, 2252-53.

**The Trial Court's Discretion**

Appellant was charged with four offenses and found guilty of two of those in a single proceeding, namely two counts of aggravated sexual assault of a child.  Although both offenses arose from separate incidents with different persons, the trial court implicitly found these offenses were the "same criminal episode" because each offense constituted the "repeated commission of the same or similar offenses."  *See* TEX. PENAL CODE ANN. § 3.01(2) (Vernon 2003).  Neither the State nor Appellant challenge that implicit finding here.  Therefore, section 3.03 of the penal code applies.  The default rule under that section is that a defendant's sentences for separate offenses run concurrently.  *See* TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp. 2009).  In the instant case, however, since Appellant was convicted of two counts of aggravated sexual assault of a child, the trial court had the discretion to cumulate or stack the sentences so that they would be served consecutively.  *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (Vernon Supp. 2009).

Appellant points out that aggravated sexual assault of a child was not added to the list of offenses subject to consecutive sentencing until 1997.  He further observes that only one of his two convictions arose from an incident that occurred after the effective date of the 1997 amendment.  Therefore, he argues, the trial court had no authority to cumulate the two life sentences.

3

In *DeLeon*, a jury convicted the appellant of sixteen counts of various sexual offenses against a child. *DeLeon*, 294 S.W.3d at 745. Ten of those offenses occurred prior to the effective date of the 1997 amendment, and the trial court ordered that those sentences be served concurrently. *Id.* The remaining six counts occurred after the 1997 amendment was effective, and the trial court ordered that those sentences be served consecutively. *Id.* Furthermore, the trial court ordered that the sentences for the ten pre-amendment offenses be served concurrently first, and once those were discharged, the remaining six sentences would begin to run consecutively. *Id.* The appellant contended that the sentences for the post-amendment offenses could not be "stacked on top of" the sentences for pre-amendment offenses. The Amarillo Court of Appeals affirmed based on statutory construction principles. *Id.* at 747-48. The court held that the unambiguous language of section 3.03 and the 1997 amendment required concurrent sentencing for offenses committed before September 1, 1997, and gave the trial court discretion to cumulate the sentences for offenses committed after that date. *Id.* at 747, 749. Therefore, the sentences for the post-amendment offenses could be imposed to run consecutively to the sentences for the pre-amendment offenses. *Id.* We agree with the analysis in *DeLeon*. Accordingly, we conclude that the trial court had the discretion to assess cumulative sentences even though the sentences arose from both pre- and post-amendment offenses.

## The Trial Court's Sentencing Order

Our analysis is not complete, however, because in this case the trial court ordered the sentence for the 2007 offense to be served first, and the sentence for the 1996 offense served thereafter. The trial court was without authority to order such a sentence. Although the trial court could have stacked Appellant's sentences, *DeLeon*, when applied to the facts before us, requires the sentence for the pre-amendment offense to be served first. *See id.* Once that sentence is discharged, the sentence for the post-amendment offense may then be consecutively served. *See id.* at 747-48. Therefore, the trial court improperly cumulated Appellant's sentences, which constitutes an abuse of discretion. We sustain Appellant's sole issue.

CONCLUSION

When a trial court erroneously cumulates a sentence, the remedy is to delete the cumulation order from the sentence so that the sentences run concurrently. *Morris v. State*, 301

S.W.3d 281, 295-96 (Tex. Crim. App. 2009). We note the dissent in *Morris*, in which Presiding Judge Keller argues that the only possible solution was a concurrent sentence in prior cases analyzing this issue, whereas in *Morris*, as well as the instant case, the trial court could have ordered consecutive sentences but failed to do so properly. *See id.* at 314-15 (Keller, P.J., concurring in part and dissenting in part). Judge Keller maintains that an abatement and limited remand would be appropriate in such a circumstance. *Id.* at 314-15. Nevertheless, we are constrained by the majority opinion in *Morris*. *See id.* at 296.

Having sustained Appellant's sole issue, we modify the judgment so that Appellant's sentence on count one runs concurrently with his sentence on count four. *See* TEX. R. APP. P. 43.2(b); *Morris*, 301 S.W.3d at 296. As *modified*, the trial court's judgment is *affirmed*.

**BRIAN HOYLE**
Justice

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5