MARY'S OPINION HEADING 








NO. 12-09-00183-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

STEVEN ANTHONY
ROSE,                       §                      APPEAL FROM THE 3RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Steven
Anthony Rose appeals his two convictions of aggravated sexual assault of a
child.  In his sole issue, he challenges the trial court’s order that he serve
two consecutive life sentences.  We modify the judgment, and as modified,
affirm.

 

Background

On
September 10, 2008, Appellant was indicted on three counts of aggravated sexual
assault of a child and one count of indecency with a child.  In count one of
the indictment, the State alleged that on or about March 20, 2007, Appellant
“intentionally or knowingly cause[d] the sexual organ of Michael North, a
pseudonym, a child who was then and there younger than 14 years of age and not
the spouse of the [Appellant], to contact the mouth of [Appellant].”  In count
four, the State alleged that on or about July 15, 1996, Appellant
“intentionally or knowingly cause[d] the sexual organ of Stan East, a
pseudonym, a child who was then and there younger than 14 years of age and not
the spouse of the [Appellant], to contact the mouth of [Appellant].”  

After
a trial, the jury returned a verdict of guilty on two of the four counts,
specifically count one (the “2007 offense”) and count four (the “1996
offense”), both of which were for aggravated sexual assault of a child.  After
a trial on punishment, the jury assessed punishment at two life sentences.  The
trial court attempted to “stack” or cumulate both sentences so that they would
be served consecutively.  Appellant timely appealed. 

 

Consecutive Life Sentences

            In
his sole issue, Appellant argues that the trial court erroneously cumulated his
two life sentences so that they would be served consecutively. 

Standard
of Review and Applicable Law

Generally,
an accused has no right to concurrently serve sentences imposed for different
offenses; rather, the decision to cumulate sentences lies within the trial
court’s discretion.  Coleman v. State, 898 S.W.2d 327, 329 (Tex.
App.–Tyler 1993), aff'd, 897 S.W.2d 319 (Tex. Crim. App. 1995); see
Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2009).  This discretion is absolute so long as the law
authorizes cumulative sentencing.  DeLeon v. State, 294 S.W.3d
742, 745 (Tex. App.–Amarillo 2009, pet. ref’d).  As a practical matter, an
abuse of discretion generally will be found only if the trial court imposes
consecutive sentences where the law requires concurrent sentences, where the
court imposes concurrent sentences but the law requires consecutive ones, or
where the court otherwise fails to observe the statutory requirements
pertaining to sentencing.  Nicholas v. State, 56 S.W.3d 760, 765
(Tex. App.–Houston [14th Dist.] 2001, pet. ref’d).

When
multiple offenses arising out of the same criminal episode are consolidated for
a single trial, and the accused is found guilty of more than one offense,
section 3.03(a) of the penal code provides a limit on the trial court’s
discretion to cumulate the sentences.  DeLeon, 294 S.W.3d at 745;
see Tex. Penal Code Ann. §
3.03(a) (Vernon Supp. 2009).  Until 1995, section 3.03 required sentences from
offenses arising out of the “same criminal episode” prosecuted in a “single
criminal action” to run concurrently.  DeLeon, 294 S.W.3d at
745.  That year, the legislature amended section 3.03 to restore the trial
court’s discretion to impose consecutive sentences for multiple intoxication
manslaughter convictions resulting from a single trial.  See Act of May
26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at Tex. Penal Code Ann. § 3.03(b)(1)
(Vernon Supp. 2009)). The legislature made the 1995 amendment applicable only
if each offense joined for trial was committed on or after the amendment's
effective date (September 1, 1995).  Id., 74th Leg., R.S.,
ch. 596, § 2, 3435, 3435.

Moreover,
and as is particularly relevant here, in 1997, the legislature further amended
section 3.03 to add specific sexual offenses committed against a victim younger
than seventeen to the list of offenses subject to consecutive sentencing when
there is more than one conviction of the enumerated offenses obtained in a
single trial.  See Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2,
2250, 2251 (current version at Tex.
Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2009)).  Those offenses
include, among others, indecency with a child, sexual assault of a child, and
aggravated sexual assault of a child.  In contrast to the 1995 amendment, the
1997 simply stated that this change in the law applies only to “an offense
committed on or after” its effective date (September 1, 1997), and that
offenses committed before that date are subject to the law in effect when the
offense was committed.  Id., 75th Leg., R.S., ch. 667, §§
7, 8, 2250, 2252-53.

The
Trial Court’s Discretion

Appellant
was charged with four offenses and found guilty of two of those in a single
proceeding, namely two counts of aggravated sexual assault of a child. 
Although both offenses arose from separate incidents with different persons,
the trial court implicitly found these offenses were the “same criminal
episode” because each offense constituted the “repeated commission of the same
or similar offenses.”  See Tex.
Penal Code Ann. § 3.01(2) (Vernon 2003).  Neither the State nor
Appellant challenge that implicit finding here.  Therefore, section 3.03 of the
penal code applies.  The default rule under that section is that a defendant’s
sentences for separate offenses run concurrently.  See Tex. Penal Code Ann. § 3.03(a) (Vernon
Supp. 2009).  In the instant case, however, since Appellant was convicted of
two counts of aggravated sexual assault of a child, the trial court had the
discretion to cumulate or stack the sentences so that they would be served
consecutively.  See Tex. Penal
Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2009).

Appellant
points out that aggravated sexual assault of a child was not added to the list
of offenses subject to consecutive sentencing until 1997.  He further observes
that only one of his two convictions arose from an incident that occurred after
the effective date of the 1997 amendment.  Therefore, he argues, the trial
court had no authority to cumulate the two life sentences. 

In
DeLeon, a jury convicted the appellant of sixteen counts of
various sexual offenses against a child.  DeLeon, 294 S.W.3d at
745.  Ten of those offenses occurred prior to the effective date of the 1997
amendment, and the trial court ordered that those sentences be served
concurrently.  Id.  The remaining six counts occurred after the
1997 amendment was effective, and the trial court ordered that those sentences
be served consecutively.  Id.  Furthermore, the trial court
ordered that the sentences for the ten pre-amendment offenses be served
concurrently first, and once those were discharged, the remaining six sentences
would begin to run consecutively.  Id.  The appellant contended
that the sentences for the post-amendment offenses could not be “stacked on top
of” the sentences for pre-amendment offenses.  The Amarillo Court of Appeals
affirmed based on statutory construction principles.  Id. at
747-48.  The court held that the unambiguous language of section 3.03 and the
1997 amendment required concurrent sentencing for offenses committed before
September 1, 1997, and gave the trial court discretion to cumulate the
sentences for offenses committed after that date.  Id. at 747,
749.  Therefore, the sentences for the post-amendment offenses could be imposed
to run consecutively to the sentences for the pre-amendment offenses.  Id. 
We agree with the analysis in DeLeon.  Accordingly, we
conclude that the trial court had the discretion to assess cumulative sentences
even though the sentences arose from both pre- and post-amendment offenses. 

The
Trial Court’s Sentencing Order

Our
analysis is not complete, however, because in this case the trial court ordered
the sentence for the 2007 offense to be served first, and the sentence for the
1996 offense served thereafter.  The trial court was without authority to order
such a sentence.  Although the trial court could have stacked Appellant’s
sentences, DeLeon, when applied to the facts before us, requires the
sentence for the pre-amendment offense to be served first.  See id.
 Once that sentence is discharged, the sentence for the post-amendment offense
may then be consecutively served.  See id. at 747-48.  Therefore,
the trial court improperly cumulated Appellant’s sentences, which constitutes
an abuse of discretion.   We sustain Appellant’s sole issue.

 

Conclusion

When
a trial court erroneously cumulates a sentence, the remedy is to delete the
cumulation order from the sentence so that the sentences run concurrently.  Morris
v. State, 301 S.W.3d 281, 295-96 (Tex. Crim. App. 2009).  We note the
dissent in Morris, in which Presiding Judge Keller argues that
the only possible solution was a concurrent sentence in prior cases analyzing
this issue, whereas in Morris, as well as the instant case, the
trial court could have ordered consecutive sentences but failed to do so
properly.  See id. at 314-15 (Keller, P.J., concurring in part and
dissenting in part).  Judge Keller maintains that an abatement and limited
remand would be appropriate in such a circumstance.  Id. at
314-15. Nevertheless, we are constrained by the majority opinion in Morris. 
See id. at 296.

Having
sustained Appellant’s sole issue, we modify the judgment so that Appellant’s
sentence on count one runs concurrently with his sentence on count four.  See
Tex. R. App. P. 43.2(b); Morris,
301 S.W.3d at 296.  As modified, the trial court’s judgment is affirmed.

 

                                                                                                Brian Hoyle

                                                                                    
Justice

 

 

 

Opinion delivered May 28, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)