NOS. 07-08-0502-CR, 07-08-0503-CR; 07-08-504-CR;

07-08-0505-CR; 07-08-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 15, 2010

_____

ALFREDO SOLIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 57,754-C, 57,761-C, 57,762-C, 57,763-C, 57,764-C;

HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Alfredo Solis appeals ten convictions for aggravated sexual assault of a child, sexual assault of a child, and indecency with a child by sexual contact. Through one issue, he argues the trial court abused its discretion by ordering the jury-imposed sentences for three of the convictions to run consecutively. We disagree, and will affirm.

Background

Indictments filed in five cases alleged appellant committed multiple sexual offenses against one child, his stepdaughter. The cases were consolidated for trial.

At trial appellant plead guilty to each of the indicted offenses. After the State presented evidence, the court instructed the jury to return a verdict of guilty on each count. The jury entered verdicts accordingly. Appellant elected assessment of punishment by the jury. During its deliberation on punishment, the foreman sent the court a note inquiring:

> "1)    If given probation on one count of the lessor (sic) charges, does that ensure that if the defendant gets out he for sure will be on probation?
>
> 2)    If not does probation have to be given on all charges.(sic)"

The court responded with a supplemental charge instructing the jury to continue its deliberations. The jury returned verdicts assessing two fifty-year sentences for aggravated sexual assault of a child,[1] two twenty-year sentences for sexual assault of a child,[2] five twenty-year sentences for indecency with a child by sexual contact,[3] and one nine-year probated sentence for indecency with a child by sexual contact.

---

[1] Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2009).

[2] Tex. Penal Code Ann. § 22.011(a)(2) (Vernon Supp. 2009).

[3] Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).

The State moved for consecutive sentencing and "that [appellant's] probation term not begin until he is paroled on the last sentence prior to that." Appellant objected to stacked sentences. After the trial court made some comments, apparently based on the jury's note, concerning the jury's wishes regarding appellant's eventual possible release from confinement, and further argument from counsel, the court "stacked" one of the fifty-year sentences, one of the twenty-year sentences and the probated sentence. It ordered the remaining sentences run concurrently. The effect of the court's sentencing was seventy years confinement followed by nine years probation. Appellant timely filed notice of appeal.

Issue

Appellant raises one issue on appeal:

Where a defendant in his mid-50s opts for jury sentencing, and where the trial court concludes from the punishment verdicts that the jury intended the defendant to be released at some time in the future, is the trial court entitled to frustrate that intention by cumulating the sentences of imprisonment to make release much less likely?[4]

Discussion

Statute authorizes a trial court to cumulate sentences imposed for certain offenses arising out of the same criminal episode and prosecuted in a single criminal action. Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2009). Those offenses include

---

[4] The State contends appellant's issue was not preserved for our review. *See* Tex. R. App. P. 33.1; *Pena v. State,* 285 S.W.3d 459, 462-464 (Tex.Crim.App. 2009) (discussing preservation of error). Although the State's argument has some merit, we find appellant's objection to the imposition of cumulative sentencing for the fifty-and twenty-year sentences was conveyed to the trial court, and was overruled by the court's sentencing decision, so as to preserve the complained-of error for our review.

indecency with a child, and aggravated sexual assault and sexual assault of a child younger than seventeen. Tex. Penal Code Ann. §§ 3.03(b)(2)(A); 21.11; 22.011; 22.021 (Vernon Supp. 2009); *see DeLeon v. State,* 294 S.W.3d 742 (Tex.App.— Amarillo 2009, pet. refused) (applying statute).

The Court of Criminal Appeals has indicated that a trial court's decision to cumulate sentences constitutes an abuse of discretion only when cumulation is not permitted by statute. *See Beedy v. State,* 250 S.W.3d 107, 110 (Tex.Crim.App. 2008) ("when a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal")*; Barrow v. State*, 207 S.W.3d 377, 380-81 (Tex.Crim.App. 2006) (discussing trial court's discretionary decision whether to cumulate sentences). *Accord Nicholas v. State,* 56 S.W.3d 760, 764-65 (Tex.App.–Houston [14th Dist.] 2001, pet. refused) (noting, as a practical matter, an abuse of discretion occurs in sentencing for multiple offenses only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing); *Revels v. State*, No. 05-07-01555-CR, 2008 Tex. App. Lexis 9197, at *18 (Tex.App.–Dallas Dec. 11, 2008, no pet.).

Appellant does not contend the trial court's cumulation order in this case contravened the statute. The trial court did not alter the individual sentences imposed by the jury, and none exceed the statutory range. All the sentences were subject to cumulation. Tex. Penal Code Ann. § 3.03(b)(2)(B) (Vernon Supp. 2009).

Nonetheless, appellant contends the order was an abuse of discretion because of the peculiar circumstances. He points to the trial court's comment, which he contends indicates the court understood the jury intended that appellant eventually be eligible for release from imprisonment. He then argues that, despite its understanding of the jury's intention, the trial court ordered cumulation of sentences, making his eventual eligibility for release much less likely. This action, appellant posits, must constitute an abuse of discretion.

Effectively, appellant's argument is an iteration of the position rejected by the Court of Criminal Appeals in *Barrow*. 207 S.W.3d at 381-82. There, Judge Meyers, in dissent, took the position that allowing the trial judge to cumulate jury-determined sentences contradicts a Texas defendant's statutory right to have punishment assessed by the jury. *Id.* at 382. Addressing constitutional challenges to judge-ordered cumulation, the majority opinion pointed out that, by statute, Texas permits a defendant to opt for jury-assessed punishment but the Legislature also has assigned the decision whether to cumulate sentences to the trial court. *Id.* at 380.

Because the jury simply has no role in the decision whether sentences are to be served consecutively or concurrently when statute permits, and the decision is left to the discretion of the trial court, *Barrow*, 207 S.W.3d at 380,[5] we are unable to agree that the

---

[5] *Cf. Gordon v. State,* 633 S.W.2d 872, 879 n.16 (Tex.Crim.App. 1982) (citing *O'Bryan v. State,* 591 S.W.2d 464, 476, 478 (Tex.Crim.App. 1979) ("The duration of confinement following its assessment of punishment is not a legitimate concern of a jury").

jury's intentions regarding appellant's eventual eligibility for release could operate to limit the trial court's discretion to order cumulation.[6]

We accordingly overrule appellant's issue and affirm the judgments of the trial court.


James T. Campbell
Justice


Do not publish.

---

[6] Although we need not address it, we agree with the State also that the jury foreman's note is subject to more than one interpretation as an indicator of the jury's thinking regarding appellant's eventual release from confinement.