NO. 07-10-00467-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
DECEMBER 2, 2010
--------------------------------------------------------------------------------

 
 IN RE LARRY LYNN POSEY, RELATOR.
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
In this mandamus proceeding, relator Larry Lynn Posey challenges the legality of his ninety-nine year prison sentence for the offense of engaging in organized criminal activity. We will deny the petition. 
 In December 2002, relator was convicted of engaging in organized criminal activity. Relator challenged his conviction and sentence by direct appeal and his petition for discretionary review was denied by the Court of Criminal Appeals. Relator also avers he unsuccessfully challenged the trial court proceedings by state and federal applications for writ of habeas corpus. 
A writ of mandamus may issue in a criminal case when (1) the relator has no adequate remedy at law and (2) the act to be compelled is ministerial rather than discretionary. Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). To obtain relief by mandamus the relator must show: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). Ordinarily, mandamus is not the proper means of challenging an illegal sentence. See Mizell v. State, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003) (direct appeal or writ of habeas corpus available to challenge illegal sentence). But relator asserts he has exhausted available relief by appeal and habeas corpus. Under such circumstances, he continues, mandamus is the correct means of challenging an illegal sentence. 
Even assuming, but without deciding, relator lacks an adequate remedy at law, he is not entitled to relief by mandamus for several reasons. First, he has not submitted a record as required by Rule of Appellate Procedure 52.7, and his petition omits the certification required by Rule of Appellate Procedure 52.3(j). Second, relator identifies the respondent of his petition as "the presiding judge [of the] 100th Judicial District Court of Carson County." According to relator, the Honorable David McCoy presided over his trial. We take judicial notice that the Honorable Stuart Messer is now judge of that court. Relator presents no indication he requested a judge of the 100th Judicial District Court to grant the relief here requested and the request was denied or a ruling refused. Thus, the present proceeding is not a case subject to the abatement procedure of Rule of Appellate Procedure 7.2. In the absence of record proof that relator demanded performance of Judge Messer and he refused to act, the writ of mandamus will not issue.
But even had relator met these formal and substantive prerequisites, a trial court does not abuse its discretion by refusing to grant relief that is contrary to law. Relator was convicted on an indictment for engaging in organized criminal activity with an underlying offense of theft of property with an aggregate value of over $100,000 but less than $200,000. The indictment alleged thirty-two "overt acts" of theft. When amounts are obtained by theft "pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." Tex. Penal Code Ann. § 31.09 (Vernon 2003). Theft of property with a value of $100,000 or more but less than $200,000 is a felony of the second degree. Tex. Penal Code Ann. § 31.03(e)(6) (Vernon Supp. 2010). Except in circumstances not present here, an offense under Penal Code § 71.02 "is one category higher than the most serious offense . . . that was committed . . . ." Tex. Penal Code Ann. § 71.02(b) (Vernon Supp. 2010). A felony of the first degree, the next grade above a felony of the second degree, is punishable by a term in the penitentiary of life or five to ninety-nine years. Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010).
According to relator, Penal Code § 71.02 contains no language authorizing aggregation of amounts for determining the punishment grade of the underlying offense of theft. Rather, he asserts, when multiple acts of theft are alleged, the offense classification is determined by the theft involving the greatest property value. As applied to him, relator explains, the greatest property value for an individual theft alleged in the indictment was $20,000 but less than $100,000, a third degree felony. Because § 71.02(b) would elevate that individual theft to a second degree felony, which is punishable by a term in the penitentiary of not more than twenty years or less than two years, Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2010), relator concludes the maximum confinement sentence in his case was twenty years. Relator presents no controlling authority directing this interpretation. 
We do not find legislative authorization for the strained reading of § 71.02(a),(b) relator's theory requires. Penal Code § 1.05(a) provides: "The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." Tex. Penal Code Ann. § 1.05(a) (Vernon 2003). And § 1.05(b) references the Code Construction Act which in part establishes the presumption that in enacting a statute the Legislature intended a just and reasonable result. Tex. Gov't Code Ann. § 311.021(3) (Vernon 2005). Moreover, "[i]n construing a statute, we must give effect to the plain meaning of the text unless the text is ambiguous or the plain meaning would lead to absurd results. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." DeLeon v. State, 294 S.W.3d 742, 747 (Tex.App.--Amarillo 2009, pet. refused). Relator does not claim ambiguity of the statutory provisions, and we see none. Nor do we see that giving effect to the plain statutory meaning leads to absurd results. The grade of theft may be determined by aggregation. Theft is an underlying offense of engaging in organized criminal activity. The grade of the offense of engaging in organized criminal activity is determined by the grade of theft "that was committed" subject to the application of § 71.02(b). Tex. Penal Code Ann. § 71.02(b) (Vernon Supp. 2010). We find no merit to relator's construction of § 71.02(a).
Relator's petition for mandamus is denied.

Per Curiam
Do not publish.

Quinn, J., concurring in result only.