

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00413-CR

**ALTON LEON YORK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-40-C2**

## MEMORANDUM OPINION

Alton Leon York was indicted on nine counts of aggravated sexual assault of a child and three counts of indecency with a child. The jury convicted York on all twelve counts. In Counts I through IV and VIII through XII, the jury convicted York of aggravated sexual assault of a child and assessed his punishment at life in prison. In Counts V through VII, the jury convicted York of indecency with a child and assessed his punishment at twenty years confinement. The trial court ordered the sentences in

Counts I through IV to run concurrently, and the sentences in Counts V through XII to run consecutively. We modify the judgments, and affirm as modified.

## Background Facts

York does not challenge the sufficiency of the evidence to support his convictions. Therefore, we will set out only a brief summary of the facts. C.Y. is the biological daughter of York. She was twenty-three years old at the time of trial. She testified that she was six years old when York started "messing" with her and that it continued until she was thirteen. C.Y. testified that York would put his mouth on her genitals or have her put her mouth on his genitals. C.Y. stated that York would also rub his genitals against her genitals and that he put his finger inside of her genitals. C.Y. said that on one occasion her mother saw her with York's genitals in her mouth. C.Y. said that her mother told her not to tell anyone. C.Y. testified that for several years she had sex with York at least once a day.

## Admission of Testimony

In the first issue, York complains that the trial court erred in allowing the State to ask an expert witness whether she believed C.Y.'s allegations of sexual abuse to be true or false. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Detective Kimberly Clark is with the Crimes Against Children Unit of the Waco Police Department. She testified at trial that she has worked on 450 cases involving sexual abuse of children. Detective Clark further testified that she has been trained in dealing with false allegations of sexual abuse and that she has encountered cases that she believed involved false allegations. The State then asked, "in those cases you wouldn't proceed to an arrest; is that right?" York objected that the State was bolstering the case. The State responded that the question was asking about Detective Clark's experience. The trial court overruled the objection; however, Detective Clark never answered the question on whether she proceeds to arrest in cases that she believes involve a false allegation.

A direct opinion on the truthfulness of the child, from either a lay witness or an expert witness, is inadmissible. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App.1993); *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). Detective Clark did not give a direct opinion on the truthfulness of C.Y. We overrule the first issue.

**Jury Charge**

In the second issue, York contends that the trial court erred in including the culpable mental state of "knowingly" in the application paragraph of the jury charge as to Counts V through VII on indecency with a child. The application portion of the charge in Count V stated:

> Now, if you find from the evidence beyond a reasonable doubt that …
> [York] did then and there, with the intent to arouse or gratify the sexual
> desire of said Defendant, intentionally or knowingly cause [C.Y.], to
> engage in sexual contact by causing the said [C.Y.] to touch the genitals of
> said Defendant, and at the time, [C.Y.] was a child younger than seventeen

(17) years of age and not the spouse of the Defendant, then you will find the Defendant guilty of the offense of Indecency with a Child by Contact, as charged in Count V of the indictment.

The charge used the same language of "intentionally or knowingly" in Counts VI and VII, but with different means of committing the offense.

The mens rea to prove indecency with a child by contact is acting with the intent to gratify a person's sexual desire. *Bazanes v. State*, 310 S.W.3d 32, 36 (Tex. App.—Fort Worth 2010, pet. ref'd). The application paragraph of the charge also required a finding that York intentionally or knowingly engaged in the sexual contact. The Court in *Bazanes* found listing the culpable mental states of knowingly and intentionally with the specific intent necessary to complete the crime to be charge error. *Bazanes v. State*, 310 S.W.3d at 37.

York did not object to the charge at trial. Therefore, he must show egregious harm to prevail on appeal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). For actual harm to be established, the charge error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affect a defensive theory. *Id*. When assessing harm based on the particular facts of the case, we consider: (1) the charge; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Id*.

The charge accurately instructed the jury that it must find York acted with the specific intent to arouse or gratify his sexual desire.  Within the context of the entire jury charge, the erroneous application paragraph appears less harmful.  *See Bazanes v. State*, 310 S.W.3d at 37.  C.Y.'s credibility was the contested issue at trial, not York's intent.  The State did not highlight or emphasize York's intent to obtain a conviction.  The parties did not address York's intent during closing arguments.  York does not state in his brief how he was egregiously harmed by the charge.  We find that York did not suffer egregious harm from the charge.  We overrule the second issue.

### Consecutive Sentences

In his third issue, York argues that both the ex post facto doctrine and the rule of lenity prevent the trial court from ordering that the sentences in Counts V through XII run consecutively.  In the fourth issue, York argues that the cumulative sentences run violate the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Texas trial courts have the discretion to order cumulative sentences in virtually every case.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2011); *Millslagle v. State*, 150 S.W.3d 781, 784 (Tex. App.—Austin 2004, pet dism'd untimely filed).  However, when multiple offenses arising out of the same criminal episode are consolidated for a single trial, and the defendant is found guilty of more than one offense, TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2011) provides a limit on the trial court's discretion to cumulate the sentences.  *Millslagle v. State*, 150 S.W.3d at 784.  Section 3.03(b)(2)(A) creates an exception to this exception;  that is, it exempts certain

offenses, including indecency with a child and aggravated sexual assault of a child, from the application of Section 3.03(a). *Id*.

Until 1995, Section 3.03 required sentences for multiple offenses prosecuted in a single trial to run concurrently. *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.—Amarillo 2009, pet. ref'd). In that year, the legislature amended Section 3.03 to restore the trial court's discretion to impose consecutive sentences for multiple intoxication manslaughter convictions resulting from a single trial. Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435; *DeLeon v. State*, 294 S.W.3d at 745. In 1997, the legislature further amended Section 3.03 to add some sexual offenses committed against a victim younger than seventeen to the list of offenses subject to consecutive sentencing when there are multiple convictions in a single trial. Those offenses include indecency with a child, sexual assault, and aggravated sexual assault. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 2250, 2251; *DeLeon v. State*, 294 S.W.3d at 745. Those amendments went in effect September 1, 1997, and applied to offenses committed on or after the effective date of the Act. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 2252, 2253.

C.Y. was born October 1, 1988. She testified that the abuse began when she was six years old and ended when she was thirteen. Therefore, the offenses would have been committed from 1994 through 2001. The indictment alleges in Counts I through IV that the offenses occurred on or about dates in 1996. The indictment alleges in Counts V through XII that the offenses occurred on or about dates in 1998 and 1999. The jury found York guilty of the offenses of indecency with a child by contact and aggravated sexual assault of a child as charged in the indictment. The trial court ordered the

sentences in Counts I through IV, committed before the 1997 effective date of the amendment to Section 3.03, to run concurrently. The trial court ordered the sentences in Counts V through XII, committed after 1997, to run consecutively.

York argues that the based upon the testimony of C.Y., the jury could have found that all twelve offenses occurred before the 1997 effective date of the amendments. Therefore, York contends that the sentences should all run concurrently. In *DeLeon*, the defendant was prosecuted for offenses during a criminal episode spanning eight years and comprising aggravated sexual assault, sexual assault, and indecency with a child. *DeLeon v. State*, 294 S.W.3d at 744. He received concurrent sentences of imprisonment for offenses committed before September 1, 1997, and consecutive sentences of imprisonment for offenses committed after that date. *Id*. The court in *DeLeon* considered the issue of the trial court's discretion with regard to consecutive sentencing when Section 3.03(b) offenses committed after the effective date of the 1997 amendment are tried together with such offenses committed before the effective date. The court stated:

> We think the answer to the question presented is found in the statutory language establishing the effective date of the 1997 amendment to section 3.03. As the Court of Criminal Appeals pointed out in *Bahena*, 195 S.W.3d at 705, the legislature used different "effective date" language in the 1995 and 1997 amendments. The legislature made the 1995 amendment, permitting consecutive sentences for multiple intoxication manslaughter convictions, applicable only if each offense joined for trial was committed on or after the amendment's effective date, September 1, 1995. The effective date language of the 1997 amendment does not contain such a provision. The 1997 statute simply stated that its change in law applies only to "an offense committed on or after" its effective date, September 1, 1997, and that offenses committed before that date are subject to the law in

effect when the offense was committed. Act of May 31, 1997, 75th Leg., R.S., ch. 667,§§ 7, 8, 2250, 2252-53. (footnotes omitted).

*DeLeon v. State*, 294 S.W.3d at 746-7. The court found that the trial court had discretion to cumulate sentences for the offenses committed after September 1, 1997. *DeLeon v. State*, 294 S.W.3d at 749.

The jury found York guilty in Counts V through XII for offenses occurring after September 1, 1997. We find that the trial court did not abuse its discretion in ordering the sentences in Counts V through XII to run consecutively. *See DeLeon v. State*, 294 S.W.3d at 747. We overrule the third issue.

The Supreme Court determined in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Barrow v. State*, 207 S.W.3d 377, 379 (Tex. Crim. App. 2006). *Apprendi* and its progeny clearly deal with the upper-end extension of individual sentences, when that extension is contingent upon findings of fact that were never submitted to the jury. *Id.* These decisions do not, however, speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary. *Id.* The trial court imposed a valid sentence within the statutorily prescribed range for each of York's convictions. *See Barrow v. State*, 207 S.W.3d at 379. The cumulated sentences did not violate *Apprendi*. We overrule the fourth issue.

**Attorney Fees**

In the fifth issue, York argues that the trial court erred in assessing court appointed attorney's and investigator's fees against him because he is indigent. The State concedes that there is insufficient evidence to support the assessment of the fees. We sustain the fifth issue. We modify the judgment to delete the findings that order York to pay his court appointed attorney's and investigator's fees.

**Conclusion**

We modify the trial court's judgment to delete the findings that order York to pay his court appointed attorney's and investigator's fees. We affirm the judgment as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed June 20, 2012
Do not publish
[CRPM]