NO. 07-10-00467-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 2, 2010

IN RE LARRY LYNN POSEY, RELATOR.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this mandamus proceeding, relator Larry Lynn Posey challenges the legality of his ninety-nine year prison sentence for the offense of engaging in organized criminal activity.[1]  We will deny the petition.

In December 2002, relator was convicted of engaging in organized criminal activity.  Relator challenged his conviction and sentence by direct appeal[2] and his petition for discretionary review was denied by the Court of Criminal Appeals.[3]  Relator

---

[1]  Tex. Penal Code Ann. § 71.02(a) (Vernon Supp. 2010).

[2]  *Posey v. State*, No. 07-03-0023-CR, 2005 Tex. App. Lexis 2298 (Tex.App.--Amarillo 2005, pet. refused).

[3]  *Posey v. State,* No. PD-0574-05, 2005 Tex. Crim. App. Lexis 1064 (Tex.Crim.App. July 27, 2005)*, cert. den'd, Posey v. Texas,* 546 U.S. 1038, 126 S.Ct. 743, 163 L.Ed.2d 582 (2005).

also avers he unsuccessfully challenged the trial court proceedings by state and federal applications for writ of habeas corpus.[4]

A writ of mandamus may issue in a criminal case when (1) the relator has no adequate remedy at law and (2) the act to be compelled is ministerial rather than discretionary. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). To obtain relief by mandamus the relator must show: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). Ordinarily, mandamus is not the proper means of challenging an illegal sentence. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003) (direct appeal or writ of habeas corpus available to challenge illegal sentence). But relator asserts he has exhausted available relief by appeal and habeas corpus. Under such circumstances, he continues, mandamus is the correct means of challenging an illegal sentence.[5]

Even assuming, but without deciding, relator lacks an adequate remedy at law, he is not entitled to relief by mandamus for several reasons. First, he has not submitted a record as required by Rule of Appellate Procedure 52.7, and his petition omits the

---

[4] *Ex parte Posey,* WR-33,261-04, (Tex.Crim.App. June 2, 2010); *Posey v. Quarterman,* No. 2:06-CV-0280, 2010 U.S. Dist Lexis 25463 (N.D. Tex. Feb. 24, 2010), *adopted sub nomine, Posey v. Thaler,* No. 2:06-CV-0280, 2010 U.S. Dist. Lexis 25456 (N.D. Tex. Mar. 18, 2010).

[5] For this proposition, relator relies on our decision in *In re Gutierrez,* No. 07-00-0482-CV, 2000 Tex. App. Lexis 8429 (Tex.App.--Amarillo Dec. 19, 2000, orig. proceeding) (per curiam, not designated for publication).

certification required by Rule of Appellate Procedure 52.3(j).[6]  Second, relator identifies

the respondent of his petition as "the presiding judge [of the] 100th Judicial District

Court of Carson County."  According to relator, the Honorable David McCoy presided

over his trial.  We take judicial notice that the Honorable Stuart Messer is now judge of

that court.  Relator presents no indication he requested a judge of the 100th Judicial

District Court to grant the relief here requested and the request was denied or a ruling

refused.  Thus, the present proceeding is not a case subject to the abatement

procedure of Rule of Appellate Procedure 7.2.[7]  In the absence of record proof that

relator demanded performance of Judge Messer and he refused to act, the writ of

mandamus will not issue.

But even had relator met these formal and substantive prerequisites, a trial court

does not abuse its discretion by refusing to grant relief that is contrary to law.  Relator

was convicted on an indictment for engaging in organized criminal activity with an

underlying offense of theft of property with an aggregate value of over $100,000 but less

than $200,000.[8]  The indictment alleged thirty-two "overt acts" of theft.[9]  When amounts

---

[6] Relator attaches an inmate declaration to his petition but omits the required certification of Rule of Appellate Procedure 52.3(j) that he reviewed the petition "and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."  Tex. R. App. P. 52.3(j).

[7] A writ of mandamus will not issue against the new judge of a court for the action of a former judge.  Rather Rule of Appellate procedure 7.2 requires abatement of a pending original proceeding so that the successor judge may consider the complained-of order of his or her predecessor.  Tex. R. App. P. 7.2; *In re Baylor Medical Center at Garland,* 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding).

[8] Tex. Penal Code Ann. § 71.02(a)(1) (Vernon Supp. 2010) (listing theft among underlying offenses).

are obtained by theft "pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." Tex. Penal Code Ann. § 31.09 (Vernon 2003). Theft of property with a value of $100,000 or more but less than $200,000 is a felony of the second degree. Tex. Penal Code Ann. § 31.03(e)(6) (Vernon Supp. 2010). Except in circumstances not present here, an offense under Penal Code § 71.02 "is one category higher than the most serious offense . . . that was committed . . . ." Tex. Penal Code Ann. § 71.02(b) (Vernon Supp. 2010). A felony of the first degree, the next grade above a felony of the second degree, is punishable by a term in the penitentiary of life or five to ninety-nine years. Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2010).

According to relator, Penal Code § 71.02 contains no language authorizing aggregation of amounts for determining the punishment grade of the underlying offense of theft. Rather, he asserts, when multiple acts of theft are alleged, the offense classification is determined by the theft involving the greatest property value. As applied to him, relator explains, the greatest property value for an individual theft alleged in the indictment was $20,000 but less than $100,000, a third degree felony. Because § 71.02(b) would elevate that individual theft to a second degree felony, which is punishable by a term in the penitentiary of not more than twenty years or less than two years, Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2010), relator concludes the

[9] In *Posey,* we explained why use of the phrase "overt act" in the indictment and charge, though not complained of, was inappropriate. 2005 Tex. App. Lexis 2298, at *13 n.4.

maximum confinement sentence in his case was twenty years. Relator presents no controlling authority directing this interpretation.

We do not find legislative authorization for the strained reading of § 71.02(a),(b) relator's theory requires. Penal Code § 1.05(a) provides: "The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." Tex. Penal Code Ann. § 1.05(a) (Vernon 2003). And § 1.05(b) references the Code Construction Act which in part establishes the presumption that in enacting a statute the Legislature intended a just and reasonable result. Tex. Gov't Code Ann. § 311.021(3) (Vernon 2005). Moreover, "[i]n construing a statute, we must give effect to the plain meaning of the text unless the text is ambiguous or the plain meaning would lead to absurd results. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *DeLeon v. State,* 294 S.W.3d 742, 747 (Tex.App.--Amarillo 2009, pet. refused). Relator does not claim ambiguity of the statutory provisions, and we see none. Nor do we see that giving effect to the plain statutory meaning leads to absurd results. The grade of theft may be determined by aggregation. Theft is an underlying offense of engaging in organized criminal activity. The grade of the offense of engaging in organized criminal activity is determined by the grade of theft "that was committed" subject to the

application of § 71.02(b).  Tex. Penal Code Ann. § 71.02(b) (Vernon Supp. 2010). We find no merit to relator's construction of § 71.02(a).[10]

Relator's petition for mandamus is denied.

Per Curiam

Do not publish.

Quinn, J., concurring in result only.

---

[10]  It is notable also that in the same proceeding a person may be charged with engaging in organized criminal activity and the underlying offense and punished for both.  *Garza v. State,* 213 S.W.3d 338, 352 (Tex.Crim.App. 2007) (explaining Tex. Penal Code Ann. § 71.03(3)). The fallacy in relator's rendering of § 71.02(a) is particularly apparent when its effect on such prosecutions is considered.