

NUMBER 13-09-00597-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

VALENTINE REYES JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee,

On appeal from the 105th District Court
of Kleberg County, Texas.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Valentine Reyes Jr., was charged by indictment with one count of aggravated sexual assault of a disabled individual, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A), (2)(C), (e) (Vernon Supp. 2010). Pursuant to a plea agreement with the State, Reyes pleaded "nolo contendere" to one count of sexual assault, a second-degree felony, in exchange for the State abandoning the disabled

individual element. *See id.* § 22.011(a)(1)(A), (f) (Vernon Supp. 2010). The trial court found Reyes guilty of second-degree sexual assault and sentenced him to twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This sentence was ordered to run consecutively with a separate twenty-five-year sentence imposed against Reyes in another case involving the aggravated sexual assault of a child. *See id.* § 22.021(a)(1)(A), (2)(B). By two issues, Reyes argues that: (1) the evidence supporting his conviction is insufficient; and (2) the stacking of the twenty-year sentence with the previously imposed twenty-five-year sentence violated the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment. *See* U.S. CONST. amend. VIII. We affirm.

## I.    BACKGROUND

Reyes's conviction involves the alleged sexual assault of S.F., a seventeen-year-old disabled girl.[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). Pursuant to an agreement with the State, Reyes entered a plea of "nolo contendere" to the offense of sexual assault and stipulated to the evidence contained in the record. *See id.* Among the items included in the record are police reports documenting the alleged incident.

As described in the reports included in the record, police were contacted on February 22, 2008, by B.F., the mother of S.F. B.F. disclosed to police that S.F. was three months' pregnant and that S.F. revealed that she had been sexually assaulted by Reyes three months earlier. B.F. noted that S.F. was enrolled as a high school senior, but that she was "hearing impaired" and had "the mentality of an 11 year old." Police detectives described their conversation with B.F. as follows:

---

[1] To protect the child's privacy, we refer to her and her relatives by their initials. *See* TEX. R. APP. P. 9.8; *see also* TEX. CODE CRIM. PROC. ANN. art. 57.02(h) (Vernon Supp. 2010).

[B.F.] said [S.F.] told her [that] about three months ago, she was baby[]sitting across the hall at Melissa Reyes's apartment . . . . [S.F.] told [B.F.] that a guy named Palonie was there and pushed her down on the bed and had sex with her. . . . I [the police] asked [B.F.] if she knew who Palonie was and [she] said he was Valentine Reyes. [B.F.] said she knows who Valentine is because he is the cousin of Melissa and Melissa is dating one of [B.F.'s] sons.[2]

Police asked B.F. if she could bring S.F. to the police station to be interviewed; B.F. complied. When questioned by police, S.F. stated that she was babysitting her niece or nephew at Melissa's apartment at the time of the incident. She recalled that Melissa and Reyes came to the apartment to visit, and Melissa left shortly thereafter, leaving Reyes, S.F., and the niece or nephew alone in the apartment. According to S.F., once Melissa left, Reyes pushed S.F. into one of the bedrooms and locked the door. S.F. became scared and tried to open the door to the bedroom, but Reyes pushed her onto the bed. As she fell onto the bed, S.F. purportedly hit her head on the wall. Once on the bed, Reyes touched S.F.'s legs, even though she repeatedly told him "no" and to stop. Reyes then "undid" S.F.'s belt and pants and "pulled down her blue jeans and panties to her knees." S.F. tried to fight Reyes off, and she tried to "hold her knees shut," but Reyes forced her legs open and then got on top of her. S.F. recounted that Reyes "pushed his private parts against her front private parts and it caused her a lot of pain." She stated that it "went on for a few minutes and then Palonie stopped and got off of her." Once Reyes was finished, S.F. picked up her pants and panties and went to the bathroom. She recalled feeling "very wet on her front private parts and wiped herself with toilet paper in the bathroom." When she looked at the toilet paper,

---

[2] Subsequent police reports state that "Peloni" and "Palonie" are known aliases for Valentine Reyes Jr.

she noticed there was blood on it. Police noted that S.F. denied being on her period at this time. She then cleaned herself up and left the apartment.

In June 2008, S.F. gave birth to a baby girl. DNA tests were conducted on the baby and Reyes, and it was determined that Reyes is the father of this child. Reyes was subsequently charged with aggravated sexual assault of a disabled person, a first-degree felony. *See id.* § 22.021(a)(1)(A), (2)(C), (e).

After several plea offers were made, Reyes agreed to plead "nolo contendere" to the offense of sexual assault and stipulated to the evidence contained in the record in exchange for the State dropping the disabled individual element of the originally-charged offense of aggravated sexual assault of a disabled individual. *See id.* § 22.011(a)(1)(A); *see also id.* § 22.021(a)(1)(A), (2)(C). On October 8, 2009, the trial court conducted a hearing on the matter. The trial court admonished Reyes about his plea, concluded that the evidence to which Reyes stipulated proved that he was guilty of sexual assault, and sentenced him to twenty years' confinement with the sentence to run consecutively with a previously imposed twenty-five year sentence for aggravated sexual assault of a child.[3] *See id.* § 22.011(a)(1)(A). The trial court certified Reyes's right to appeal, and this appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, Reyes argues that the evidence supporting his conviction is factually insufficient to sustain his conviction. Specifically, Reyes contends that the evidence demonstrates that he had a prior relationship with the victim and that the sexual intercourse was consensual; thus, the "overwhelming weight of the evidence

---

[3] At the October 8, 2009 hearing, Reyes claimed that he and S.F. were dating and acknowledged that the alleged incident transpired while he was on probation for another criminal offense.

creates reasonable doubt." Reyes notes that he only pleaded nolo contendere "to avoid a punishment for a first[-]degree felony."

## A. Standard of Review

The court of criminal appeals has recently held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at **25-26, *57 (Tex. Crim. App. Oct. 6, 2010) (plurality opinion). Accordingly, we review Reyes's claims of evidentiary sufficiency under "a rigorous and proper application" of the *Jackson* standard of review. *Id.* at *37, *57.

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *14 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt."). "[T]he fact[-]finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319 (emphasis in original); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979) ("The jury, in all cases is the exclusive judge of facts proved and the weight to be given

5

to the testimony . . . ."); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence.").

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). Under a hypothetically correct jury charge, the State was required to prove beyond a reasonable doubt that Reyes (1) intentionally or knowingly (2) "cause[d] the penetration of the anus or sexual organ of another person by any means, without that person's consent." *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a) (Vernon 2003). "A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). Intent may "be inferred from circumstantial evidence[,] such as acts, words, and the conduct of the appellant." *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *see Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984) (noting that the requisite culpable mental state may be inferred from the surrounding circumstances).

## B. Discussion

Ordinarily, the testimony of a child sexual abuse victim alone is sufficient to support a conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. § 38.07(a),

(b)(1) (Vernon 2005) (providing that "[a] conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred," but if the victim is seventeen years of age or younger at the time of the alleged offense, "[t]he requirement that the victim inform another person of an alleged offense does not apply"); *see also Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.–Corpus Christi 2008, no pet.). In the instant case, Reyes did not proceed to trial; therefore, the record does not contain trial testimony from S.F. Nevertheless, the record contains numerous police reports documenting S.F.'s recollection of the alleged sexual assault and a report stating that DNA testing confirmed that Reyes is the father of the baby S.F. gave birth to in June 2008. None of this evidence was controverted.

In support of his argument that the evidence is insufficient to sustain his conviction, Reyes directs us to the statement he made at the October 8, 2009 hearing after the trial court found him guilty, whereby he declared that he and S.F. were dating at the time of the incident. This statement is not supported by any evidence contained in the record. Regardless, Reyes has not adequately explained on appeal how such a relationship, if it truly existed, undermines the sufficiency of the evidence supporting his conviction, especially in light of the numerous statements that S.F. made to police describing that she was forced to have sexual intercourse with Reyes and that she repeatedly said "no" and tried to fight off his advances. In any event, the weighing of this supposedly contradicting evidence was within the province of the fact-finder to resolve. *See Jackson*, 443 U.S. at 326 (noting that a "court faced with a record of

7

historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution"); *Wesbrook*, 29 S.W.3d at 111; *see also Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at \*16 n.13.  Viewing all of the evidence in the light most favorable to the prosecution, we conclude that a rational fact-finder could have found beyond a reasonable doubt that Reyes was guilty of sexually assaulting S.F.  *See Jackson*, 443 U.S. at 319; *Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at \*14; *see also* TEX. PENAL CODE ANN. § 22.011(a)(1)(A).  Accordingly, we overrule Reyes's first issue.

### C. REYES'S PUNISHMENT AND THE EIGHTH AMENDMENT

By his second issue, Reyes asserts that the stacking of his twenty-year punishment assessed in this case with the twenty-five-year sentence assessed in another case violates the Eighth Amendment's ban of cruel and unusual punishments. *See* U.S. CONST. amend. VIII.  He also argues that his punishment was disproportionate to the seriousness of the offense.  The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  *Id.*; *see Robinson v. California*, 370 U.S. 660, 675 (1962).  The Eighth Amendment is applicable to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment.  *Robinson*, 370 U.S. at 675; *see* U.S. CONST. amend. XIV.

In the instant case, Reyes did not object to his sentence in the trial court, and he did not file any post-trial motions or objections complaining that his sentence was either disproportionate to the seriousness of the offense, or complaining about the disparity,

8

cruelty, unusualness, or excessiveness of the sentence. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The failure to specifically object to an alleged disproportionate sentence in the trial court or in a post-trial motion waives any error for our review. *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *see Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (holding that a failure to complain to the trial court about a consecutive sentence waives error); *Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence violative of the Eighth Amendment was forfeited by failing to object in the trial court); *see also Trevino v. State*, Nos. 13-07-737-CR & 13-07-738-CR, 2008 Tex. App. LEXIS 5123, at *3 (Tex. App.–Corpus Christi July 3, 2008, pet. ref'd) (mem. op., not designated for publication). Because he did not object to the alleged disproportionality of his sentence in the trial court or raise the issue in a post-trial motion, we conclude that Reyes has not preserved this issue for appellate review.[4] *See* TEX. R. APP. P. 33.1(a); *see also Jacoby*, 227 S.W.3d at 130.

Even assuming Reyes preserved this complaint, we note that his twenty-year sentence is within the statutorily-prescribed punishment range. Reyes pleaded "nolo contendere" to, and the trial court found him guilty of, sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). The punishment range for a

---

[4] At the October 8, 2009 hearing, the trial court admonished Reyes about his plea of "nolo contendere"; among the admonishments given was that the trial court has the discretion to order any sentence imposed in this case to run concurrently or consecutively with sentences imposed in other cases. Reyes indicated that he understood this admonishment, and the record reflects that no objection was made.

second-degree felony is "imprisonment . . . for any term of not more than 20 years or less than 2 years." *Id.* § 12.33(a) (Vernon Supp. 2010). Here, the trial court sentenced Reyes to twenty years' incarceration. Punishment assessed within the statutory limits is generally not cruel and unusual punishment. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (holding that a punishment that falls within the limits prescribed by a valid statute is not excessive, nor cruel or unusual);[5] *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App.–Houston [1st Dist.] 1992, no pet.); *see also Trevino*, 2008 Tex. App. LEXIS 5123, at *4.

Essentially, Reyes asks this Court to apply the *Solem* proportionate analysis test to his sentence. *See Solem v. Helm*, 463 U.S. 277, 290-92 (1983). This Court has recognized that "the viability and mode of application of proportionate analysis . . . has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991)." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd) (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992) (discussing the various opinions issued in *Harmelin* and their impact on the *Solem* decision)); *see Sullivan v. State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of the *Harmelin* opinion and reviewing the proportionality of appellant's sentence under the *Solem* and *McGruder* tests). Assuming, arguendo, the viability of proportionality review, we will apply both the *Solem* and *McGruder* tests to the facts of this case. *See Sullivan*, 975 S.W.2d at 757-58; *see also Trevino*, 2008 Tex. App. LEXIS 5123, at *5. In both *Solem* and *McGruder*, we look first at the gravity of the

---

[5] On appeal, Reyes does not challenge the validity of section 12.33 of the penal code—the provision prescribing the punishment range for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010).

offense and the harshness of the penalty. *Solem*, 463 U.S. at 290-91; *McGruder*, 954 F.2d at 316.

## A. Gravity of the Offense

We judge the gravity of the offense in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.– Fort Worth 2001, pet. ref'd) (citing *Solem*, 463 U.S. at 291-92). Here, the trial court concluded that Reyes was guilty of sexually assaulting S.F., a seventeen-year-old girl that is "hearing impaired" and has "the mentality of an 11 year old." The stipulated facts represent that Reyes forcibly removed S.F.'s jeans and panties and penetrated her sexual organ to the point that it was bleeding afterwards. Furthermore, appellant pleaded "nolo contendere" to the offense, rather than "not guilty," and stipulated to evidence clearly indicating his guilt. *See* TEX. CODE CRIM. PROC. ANN. § 27.02(5) (Vernon 2006) ("A plea of nolo contendere, the legal effect of which shall be the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."); *Lucero v. State*, 502 S.W.2d 750, 752 (Tex. Crim. App. 1973); *see also In re State ex rel. Villalobos*, No. 13-05-370-CR, 2006 Tex. App. LEXIS 109, at *5 (Tex. App.–Corpus Christi Jan. 3, 2006, no pet.) (mem. op., not designated for publication) ("A plea of nolo contendere, or no contest, is the equivalent of a plea of guilty insofar as criminal prosecution is concerned."). Based on the foregoing, we conclude that the gravity of the offense weighs in favor of a finding that the punishment was not excessive.

## B. Harshness of the Penalty

When conducting an Eighth Amendment proportionality analysis, we may consider the sentence imposed in light of the accused's prior offenses. *Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.–Amarillo 2008, pet. ref'd); *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). Based on the stipulated evidence, the trial court found Reyes guilty of sexually assaulting S.F., which constituted a second-degree felony punishable by two to twenty years' incarceration. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.011(a)(1)(A). Reyes, who has a history of felony convictions involving sexual offenses, was sentenced to twenty years' incarceration for this offense to run consecutively with a twenty-five-year sentence imposed for aggravated sexual assault of a child. Based upon his conviction, his criminal history, and the fact that the punishment falls within the statutorily prescribed range, we conclude that Reyes's twenty-year sentence is not grossly disproportionate to his crime. This finding ends our analysis under *McGruder*. *See McGruder*, 954 F.2d at 316; *see also Sullivan*, 975 S.W.2d at 757.

Because there is no evidence in the appellate record of the sentences imposed for other crimes in Texas or for the same crime in other jurisdictions, we may not perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58. Therefore, based on our application of the *Solem* factors to this case, we cannot say that Reyes's sentence is grossly disproportionate or cruel and unusual. *See Solem*, 463 U.S. at 292; *see also Sullivan*, 975 S.W.2d at 757-58.

Moreover, to the extent that Reyes argues that his punishment is disproportionate because it was ordered to run consecutively with his twenty-five-year

sentence for aggravated sexual assault of a child, we note that an accused has no right to concurrently serve sentences imposed for different offenses; rather, the decision to cumulate sentences lies within the trial court's discretion. *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.–Amarillo 2009, no pet.); *Macri v. State*, 12 S.W.3d 505, 511 (Tex. App.–San Antonio 1999, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2010). This discretion is absolute so long as the law authorizes cumulative sentencing. *DeLeon*, 294 S.W.3d at 745. Clearly, Reyes was convicted of two separate offenses involving two different people—aggravated sexual assault of a child and sexual assault. Further, he does not cite, nor are we aware of, authority limiting the trial court's discretion to cumulate sentences in these circumstances. Therefore, we cannot say that the trial court abused its discretion in cumulating the sentence for Reyes's conviction for sexual assault in this case with the sentence for his prior conviction for aggravated sexual assault of a child. *See DeLeon*, 294 S.W.3d at 745; *see also Macri*, 12 S.W.3d at 511. Based on the foregoing, we overrule Reyes's second issue.

## D. CONCLUSION

Having overruled both of Reyes's issues on appeal, we affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of December, 2010.

13