NUMBER 13-09-00597-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



VALENTINE
REYES JR.,                                                              Appellant,

 

v.

 

THE
STATE OF TEXAS,                                                                
Appellee,

 

 



On appeal from the 105th
District Court

of Kleberg County,
Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides

Memorandum
Opinion by Chief Justice Valdez

            Appellant,
Valentine Reyes Jr., was charged by indictment with one count of aggravated
sexual assault of a disabled individual, a first-degree felony.  See Tex. Penal Code Ann. § 22.021(a)(1)(A),
(2)(C), (e) (Vernon Supp. 2010).  Pursuant to a plea agreement with the State,
Reyes pleaded “nolo contendere” to one count of sexual assault, a second-degree
felony, in exchange for the State abandoning the disabled individual element.  See
id. § 22.011(a)(1)(A), (f) (Vernon Supp. 2010).  The trial court found
Reyes guilty of second-degree sexual assault and sentenced him to twenty years’
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  This sentence was ordered to run consecutively with a separate
twenty-five-year sentence imposed against Reyes in another case involving the
aggravated sexual assault of a child.  See id. § 22.021(a)(1)(A),
(2)(B).  By two issues, Reyes argues that:  (1) the evidence supporting his
conviction is insufficient; and (2) the stacking of the twenty-year sentence
with the previously imposed twenty-five-year sentence violated the Eighth
Amendment to the United States Constitution prohibiting cruel and unusual
punishment.  See U.S. Const.
amend. VIII.  We affirm.

I.             
Background

 

Reyes’s
conviction involves the alleged sexual assault of S.F., a seventeen-year-old
disabled girl.[1] 
See Tex. Penal Code Ann.
§ 22.011(a)(1)(A).  Pursuant to an agreement with the State, Reyes entered
a plea of “nolo contendere” to the offense of sexual assault and stipulated to
the evidence contained in the record.  See id.  Among the items included
in the record are police reports documenting the alleged incident. 

            As
described in the reports included in the record, police were contacted on
February 22, 2008, by B.F., the mother of S.F.  B.F. disclosed to police that
S.F. was three months’ pregnant and that S.F. revealed that she had been
sexually assaulted by Reyes three months earlier.  B.F. noted that S.F. was
enrolled as a high school senior, but that she was “hearing impaired” and had
“the mentality of an 11 year old.”  Police detectives described their
conversation with B.F. as follows:

[B.F.] said [S.F.]
told her [that] about three months ago, she was baby[]sitting across the hall
at Melissa Reyes’s apartment . . . .  [S.F.] told [B.F.] that a guy named
Palonie was there and pushed her down on the bed and had sex with her. . . .  I
[the police] asked [B.F.] if she knew who Palonie was and [she] said he was
Valentine Reyes.  [B.F.] said she knows who Valentine is because he is the cousin
of Melissa and Melissa is dating one of [B.F.’s] sons.[[2]]

 

Police
asked B.F. if she could bring S.F. to the police station to be interviewed;
B.F. complied.  When questioned by police, S.F. stated that she was babysitting
her niece or nephew at Melissa’s apartment at the time of the incident.  She
recalled that Melissa and Reyes came to the apartment to visit, and Melissa
left shortly thereafter, leaving Reyes, S.F., and the niece or nephew alone in
the apartment.  According to S.F., once Melissa left, Reyes pushed S.F. into
one of the bedrooms and locked the door.  S.F. became scared and tried to open
the door to the bedroom, but Reyes pushed her onto the bed.  As she fell onto
the bed, S.F. purportedly hit her head on the wall.  Once on the bed, Reyes
touched S.F.’s legs, even though she repeatedly told him “no” and to stop. 
Reyes then “undid” S.F.’s belt and pants and “pulled down her blue jeans and
panties to her knees.”  S.F. tried to fight Reyes off, and she tried to “hold
her knees shut,” but Reyes forced her legs open and then got on top of her. 
S.F. recounted that Reyes “pushed his private parts against her front private
parts and it caused her a lot of pain.”  She stated that it “went on for a few
minutes and then Palonie stopped and got off of her.”  Once Reyes was finished,
S.F. picked up her pants and panties and went to the bathroom.  She recalled
feeling “very wet on her front private parts and wiped herself with toilet
paper in the bathroom.”  When she looked at the toilet paper, she noticed there
was blood on it.  Police noted that S.F. denied being on her period at this
time.  She then cleaned herself up and left the apartment.   

            In
June 2008, S.F. gave birth to a baby girl.  DNA tests were conducted on the
baby and Reyes, and it was determined that Reyes is the father of this child. 
Reyes was subsequently charged with aggravated sexual assault of a disabled
person, a first-degree felony.  See id. § 22.021(a)(1)(A), (2)(C), (e).

            After
several plea offers were made, Reyes agreed to plead “nolo contendere” to the
offense of sexual assault and stipulated to the evidence contained in the
record in exchange for the State dropping the disabled individual element of the
originally-charged offense of aggravated sexual assault of a disabled
individual.  See id. § 22.011(a)(1)(A); see also id. §
22.021(a)(1)(A), (2)(C).  On October 8, 2009, the trial court conducted a
hearing on the matter.  The trial court admonished Reyes about his plea,
concluded that the evidence to which Reyes stipulated proved that he was guilty
of sexual assault, and sentenced him to twenty years’ confinement with the
sentence to run consecutively with a previously imposed twenty-five year
sentence for aggravated sexual assault of a child.[3] 
See id. § 22.011(a)(1)(A).  The trial court certified Reyes’s right to
appeal, and this appeal ensued.

II.           
Sufficiency of the Evidence

 

In
his first issue, Reyes argues that the evidence supporting his conviction is
factually insufficient to sustain his conviction.  Specifically, Reyes contends
that the evidence demonstrates that he had a prior relationship with the victim
and that the sexual intercourse was consensual; thus, the “overwhelming weight
of the evidence creates reasonable doubt.”  Reyes notes that he only pleaded
nolo contendere “to avoid a punishment for a first[-]degree felony.”

A.   Standard of Review

 

The
court of criminal appeals has recently held that there is “no meaningful
distinction between the Jackson v. Virginia legal sufficiency standard
and the Clewis factual-sufficiency standard” and that the Jackson standard
“is the only standard that a reviewing court should apply in determining
whether the evidence is sufficient to support each element of a criminal
offense that the State is required to prove beyond a reasonable doubt.”  Brooks
v. State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at **25-26, *57 (Tex.
Crim. App. Oct. 6, 2010) (plurality opinion).  Accordingly, we review Reyes’s
claims of evidentiary sufficiency under “a rigorous and proper application” of
the Jackson standard of review.  Id. at *37, *57.

            Under
the Jackson standard, “the relevant question is whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see
Brooks, 2010 Tex. Crim. App. LEXIS 1240, at *14 (characterizing the Jackson
standard as:  “Considering all of the evidence in the light most favorable to
the verdict, was a jury rationally justified in finding guilt beyond a reasonable
doubt.”).  “[T]he fact[-]finder’s role as weigher of the evidence is preserved
through a legal conclusion that upon judicial review all of the evidence is
to be considered in the light most favorable to the prosecution.”  Jackson,
443 U.S. at 319 (emphasis in original); see also Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979) (“The
jury, in all cases is the exclusive judge of facts proved and the weight to be
given to the testimony . . . .”); Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (“The jury is the exclusive judge of
the credibility of witnesses and of the weight to be given testimony, and it is
also the exclusive province of the jury to reconcile conflicts in the
evidence.”). 

            Sufficiency
of the evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Curry v. State, 30 S.W.3d 394, 404
(Tex. Crim. App. 2000); Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref’d).  Under a hypothetically correct jury
charge, the State was required to prove beyond a reasonable doubt that Reyes
(1) intentionally or knowingly (2) “cause[d] the penetration of the anus or
sexual organ of another person by any means, without that person’s consent.”  See
Tex. Penal Code Ann. § 22.011(a)(1)(A). 
“A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.”  Id. § 6.03(a)
(Vernon 2003).  “A person acts knowingly with respect to a result of his
conduct when he is aware that his conduct is reasonably certain to cause the
result.”  Id. § 6.03(b).  Intent may “be inferred from circumstantial
evidence[,] such as acts, words, and the conduct of the appellant.”  Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); see Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); Ledesma v. State,
677 S.W.2d 529, 531 (Tex. Crim. App. 1984) (noting that the requisite culpable
mental state may be inferred from the surrounding circumstances).

B.   Discussion

 

Ordinarily,
the testimony of a child sexual abuse victim alone is sufficient to support a
conviction for sexual assault.  See Tex.
Code Crim. Proc. Ann. § 38.07(a), (b)(1) (Vernon 2005) (providing that
“[a] conviction under Chapter 21, Section 22.011, or Section 22.021, Penal
Code, is supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant, of
the alleged offense within one year after the date on which the offense is
alleged to have occurred,” but if the victim is seventeen years of age or
younger at the time of the alleged offense, “[t]he requirement that the victim
inform another person of an alleged offense does not apply”); see also Soto
v. State, 267 S.W.3d 327, 332 (Tex. App.–Corpus Christi 2008, no pet.).  In
the instant case, Reyes did not proceed to trial; therefore, the record does
not contain trial testimony from S.F.  Nevertheless, the record contains
numerous police reports documenting S.F.’s recollection of the alleged sexual
assault and a report stating that DNA testing confirmed that Reyes is the
father of the baby S.F. gave birth to in June 2008.  None of this evidence was
controverted.  

In
support of his argument that the evidence is insufficient to sustain his
conviction, Reyes directs us to the statement he made at the October 8, 2009
hearing after the trial court found him guilty, whereby he declared that he and
S.F. were dating at the time of the incident.  This statement is not supported
by any evidence contained in the record.  Regardless, Reyes has not adequately
explained on appeal how such a relationship, if it truly existed, undermines
the sufficiency of the evidence supporting his conviction, especially in light
of the numerous statements that S.F. made to police describing that she was
forced to have sexual intercourse with Reyes and that she repeatedly said “no”
and tried to fight off his advances.  In any event, the weighing of this
supposedly contradicting evidence was within the province of the fact-finder to
resolve.  See Jackson, 443 U.S. at 326 (noting that a “court faced with
a record of historical facts that supports conflicting inferences must
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflicts in favor of the prosecution, and must defer
to that resolution”); Wesbrook, 29 S.W.3d at 111; see also Brooks,
2010 Tex. Crim. App. LEXIS 1240, at *16 n.13.  Viewing all of the evidence in
the light most favorable to the prosecution, we conclude that a rational
fact-finder could have found beyond a reasonable doubt that Reyes was guilty of
sexually assaulting S.F.  See Jackson, 443 U.S. at 319; Brooks,
2010 Tex. Crim. App. LEXIS 1240, at *14; see also Tex. Penal Code Ann. §
22.011(a)(1)(A).  Accordingly, we overrule Reyes’s first issue.      

C.  
Reyes’s Punishment and the Eighth Amendment

 

By
his second issue, Reyes asserts that the stacking of his twenty-year punishment
assessed in this case with the twenty-five-year sentence assessed in another
case violates the Eighth Amendment’s ban of cruel and unusual punishments.  See
U.S. Const. amend. VIII.  He also
argues that his punishment was disproportionate to the seriousness of the
offense.  The Eighth Amendment of the United States Constitution provides that
“[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel
and unusual punishment inflicted.”  Id.; see Robinson v. California,
370 U.S. 660, 675 (1962).  The Eighth Amendment is applicable to punishments
imposed by state courts through the Due Process Clause of the Fourteenth
Amendment.  Robinson, 370 U.S. at 675; see U.S. Const. amend. XIV.

      In
the instant case, Reyes did not object to his sentence in the trial court, and
he did not file any post-trial motions or objections complaining that his
sentence was either disproportionate to the seriousness of the offense, or
complaining about the disparity, cruelty, unusualness, or excessiveness of the
sentence.  To preserve error for appellate review, a party must present a
timely objection to the trial court, state the specific grounds for the
objection, and obtain a ruling.  Tex. R.
App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim.
App. 1998).  The failure to specifically object to an alleged disproportionate
sentence in the trial court or in a post-trial motion waives any error for our
review.  Jacoby v. State, 227 S.W.3d 128, 130 (Tex. App.–Houston [1st
Dist.] 2006, pet. ref’d); see Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.–Houston [14th Dist.] 2001, pet. ref’d) (holding that a failure to
complain to the trial court about a consecutive sentence waives error); Solis
v. State, 945 S.W.2d 300, 301-02 (Tex. App.–Houston [1st Dist.] 1997, pet.
ref’d) (holding that a claim of a grossly disproportionate sentence violative
of the Eighth Amendment was forfeited by failing to object in the trial court);
see also Trevino v. State, Nos. 13-07-737-CR & 13-07-738-CR, 2008
Tex. App. LEXIS 5123, at *3 (Tex. App.–Corpus Christi July 3, 2008, pet. ref’d)
(mem. op., not designated for publication).  Because he did not object to the
alleged disproportionality of his sentence in the trial court or raise the
issue in a post-trial motion, we conclude that Reyes has not preserved this
issue for appellate review.[4] 
See Tex. R. App. P.
33.1(a); see also Jacoby, 227 S.W.3d at 130.

Even
assuming Reyes preserved this complaint, we note that his twenty-year sentence
is within the statutorily-prescribed punishment range.  Reyes pleaded “nolo
contendere” to, and the trial court found him guilty of, sexual assault, a
second-degree felony.  See Tex.
Penal Code Ann. § 22.011(a)(1)(A).  The punishment range for a
second-degree felony is “imprisonment . . . for any term of not more than 20
years or less than 2 years.”  Id. § 12.33(a) (Vernon Supp. 2010).  Here,
the trial court sentenced Reyes to twenty years’ incarceration.  Punishment assessed
within the statutory limits is generally not cruel and unusual punishment.  See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (holding that a
punishment that falls within the limits prescribed by a valid statute is not
excessive, nor cruel or unusual);[5]
Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Swinney
v. State, 828 S.W.2d 254, 259 (Tex. App.–Houston [1st Dist.] 1992, no
pet.); see also Trevino, 2008 Tex. App. LEXIS 5123, at *4.

      Essentially,
Reyes asks this Court to apply the Solem proportionate analysis test to
his sentence.  See Solem v. Helm, 463 U.S. 277, 290-92 (1983).  This
Court has recognized that “the viability and mode of application of
proportionate analysis . . . has been questioned since the Supreme Court’s
decision in Harmelin v. Michigan, 501 U.S. 957 (1991).”  Trevino v.
State, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref’d)
(citing McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992)
(discussing the various opinions issued in Harmelin and their impact on
the Solem decision)); see Sullivan v. State, 975 S.W.2d 755,
757-58 (Tex. App.–Corpus Christi 1998, no pet.) (discussing the implications of
the Harmelin opinion and reviewing the proportionality of appellant’s
sentence under the Solem and McGruder tests).  Assuming,
arguendo, the viability of proportionality review, we will apply both the Solem
and McGruder tests to the facts of this case.  See Sullivan, 975
S.W.2d at 757-58; see also Trevino, 2008 Tex. App. LEXIS 5123, at *5. 
In both Solem and McGruder, we look first at the gravity of the
offense and the harshness of the penalty.  Solem, 463 U.S. at 290-91; McGruder,
954 F.2d at 316.

A.   Gravity of the
Offense

 

We
judge the gravity of the offense in light of the harm caused or threatened to
society and the offender’s culpability.  Moore v. State, 54 S.W.3d 529,
542 (Tex. App.–Fort Worth 2001, pet. ref’d) (citing Solem, 463 U.S. at
291-92).  Here, the trial court concluded that Reyes was guilty of sexually
assaulting S.F., a seventeen-year-old girl that is “hearing impaired” and has
“the mentality of an 11 year old.”  The stipulated facts represent that Reyes
forcibly removed S.F.’s jeans and panties and penetrated her sexual organ to
the point that it was bleeding afterwards.  Furthermore, appellant pleaded
“nolo contendere” to the offense, rather than “not guilty,” and stipulated to
evidence clearly indicating his guilt.  See Tex. Code Crim. Proc. Ann. § 27.02(5) (Vernon 2006) (“A plea
of nolo contendere, the legal effect of which shall be the same as that of a
plea of guilty, except that such plea may not be used against the defendant as
an admission in any civil suit based upon or growing out of the act upon which
the criminal prosecution is based.”); Lucero v. State, 502 S.W.2d 750,
752 (Tex. Crim. App. 1973); see also In re State ex rel. Villalobos, No.
13-05-370-CR, 2006 Tex. App. LEXIS 109, at *5 (Tex. App.–Corpus Christi Jan. 3,
2006, no pet.) (mem. op., not designated for publication) (“A plea of nolo
contendere, or no contest, is the equivalent of a plea of guilty insofar as
criminal prosecution is concerned.”).  Based on the foregoing, we conclude that
the gravity of the offense weighs in favor of a finding that the punishment was
not excessive.    

B.   Harshness of the Penalty

 

When
conducting an Eighth Amendment proportionality analysis, we may consider the
sentence imposed in light of the accused’s prior offenses.  Winchester v.
State, 246 S.W.3d 386, 390 (Tex. App.–Amarillo 2008, pet. ref’d); Culton
v. State, 95 S.W.3d 401, 403 (Tex. App.–Houston [1st Dist.] 2002, pet.
ref’d).  Based on the stipulated evidence, the trial court found Reyes guilty
of sexually assaulting S.F., which constituted a second-degree felony
punishable by two to twenty years’ incarceration.  See Tex. Penal Code Ann. §§ 12.33(a),
22.011(a)(1)(A).  Reyes, who has a history of felony convictions involving
sexual offenses, was sentenced to twenty years’ incarceration for this offense
to run consecutively with a twenty-five-year sentence imposed for aggravated
sexual assault of a child.  Based upon his conviction, his criminal history,
and the fact that the punishment falls within the statutorily prescribed range,
we conclude that Reyes’s twenty-year sentence is not grossly disproportionate
to his crime.  This finding ends our analysis under McGruder.  See
McGruder, 954 F.2d at 316; see also Sullivan, 975 S.W.2d at 757.  

Because
there is no evidence in the appellate record of the sentences imposed for other
crimes in Texas or for the same crime in other jurisdictions, we may not
perform a comparative evaluation using the remaining Solem factors.  See
Solem, 463 U.S. at 292; see also Sullivan, 975 S.W.2d at 757-58. 
Therefore, based on our application of the Solem factors to this case,
we cannot say that Reyes’s sentence is grossly disproportionate or cruel and
unusual.  See Solem, 463 U.S. at 292; see also Sullivan, 975
S.W.2d at 757-58.  

Moreover,
to the extent that Reyes argues that his punishment is disproportionate because
it was ordered to run consecutively with his twenty-five-year sentence for
aggravated sexual assault of a child, we note that an accused has no right to
concurrently serve sentences imposed for different offenses; rather, the
decision to cumulate sentences lies within the trial court’s discretion.  DeLeon
v. State, 294 S.W.3d 742, 745 (Tex. App.–Amarillo 2009, no pet.); Macri
v. State, 12 S.W.3d 505, 511 (Tex. App.–San Antonio 1999, pet. ref’d); see
Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2010).  This discretion is absolute so long as the law
authorizes cumulative sentencing.  DeLeon, 294 S.W.3d at 745.  Clearly,
Reyes was convicted of two separate offenses involving two different
people—aggravated sexual assault of a child and sexual assault.  Further, he
does not cite, nor are we aware of, authority limiting the trial court’s
discretion to cumulate sentences in these circumstances.  Therefore, we cannot
say that the trial court abused its discretion in cumulating the sentence for Reyes’s
conviction for sexual assault in this case with the sentence for his prior conviction
for aggravated sexual assault of a child.  See DeLeon, 294 S.W.3d at
745; see also Macri, 12 S.W.3d at 511.  Based on the foregoing, we
overrule Reyes’s second issue. 

D.  
Conclusion

 

Having
overruled both of Reyes’s issues on appeal, we affirm the judgment of the trial
court.

________________________

                                                                                                                                Rogelio
Valdez

                                                                                                Chief
Justice

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered
and filed the 

16th
day of December, 2010.

 

 









[1]
To protect the child’s privacy, we refer to her and her relatives by their
initials.  See Tex. R. App. P.
9.8; see also Tex. Code Crim.
Proc. Ann. art. 57.02(h) (Vernon Supp. 2010).

 





[2]
Subsequent police reports state that “Peloni” and “Palonie” are known aliases
for Valentine Reyes Jr.





[3]
At the October 8, 2009 hearing, Reyes claimed that he and S.F. were dating and acknowledged
that the alleged incident transpired while he was on probation for another
criminal offense.





[4]
At the October 8, 2009 hearing, the trial court admonished Reyes about his plea
of “nolo contendere”; among the admonishments given was that the trial court
has the discretion to order any sentence imposed in this case to run
concurrently or consecutively with sentences imposed in other cases.  Reyes
indicated that he understood this admonishment, and the record reflects that no
objection was made.

 





[5] 
On appeal, Reyes does not challenge the validity of section 12.33 of the penal
code—the provision prescribing the punishment range for second-degree
felonies.  See Tex. Penal Code
Ann. § 12.33 (Vernon Supp. 2010).